**STATE of Missouri, Appellant,**

v.

**David RODGERS and Charles Dailey, Respondents.**

Nos. 73149, 73150.

Missouri Court of Appeals, Eastern District, Writ Division Five.

March 24, 1998.

Deborah Van Arink, Asst. Circuit Atty., St. Louis, for appellant.

William Goldstein, St. Louis, for respondent David Rodgers.

David Bruns, St. Louis, for respondent Charles Dailey.

Before KAROHL, P.J., and SIMON and JAMES R. DOWD, JJ.

## *ORDER*

PER CURIAM.

We have jurisdiction to consider the state's appeal of an order sustaining defendants' motions to suppress eyewitness identification testimony. Section 547.200 RSMo 1994. We do not have authority to review the two claims of trial court error as matters of abuse of discretion. The points on appeal addressed to abuse of discretion do not preserve anything for review because we do not review the suppression of evidence as a matter of discretion. The parties agree this evidence was necessary to meet the state's burden of proof of the charged crimes. The court reserved ruling of defendants' pre-trial motions and ruled after a complete jury waived trial. The court could have, but did not, rule on the merits.

The points on appeal and the argument portion of the state's brief do not recognize that we must affirm the trial court's decision if there is evidence sufficient to sustain it. *State v. Franklin,* 841 S.W.2d 639, 641 (Mo. banc 1992). The facts and reasonable inferences arising from the facts are to be stated favorably to the trial court's order with the reviewing court free to disregard contrary evidence and inferences. *Id.* Further, the factual issues on motions to suppress are mixed questions of law and fact and we must give due regard to the trial court's opportunity to judge the credibility of the witnesses in determining whether the trial court's findings are supported by substantial evidence. *State v. Higgins,* 592 S.W.2d 151, 157–158 (Mo. banc 1979).

No jurisprudential purpose would be served by an extended written opinion. On the state's interlocutory appeal, we affirm. Rule 20.25(b). We remand to the Honorable Evelyn M. Baker for entry of judgment.